# UNITED STATES DISTRICT COURT
for the
Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
12/23/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
12/23/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___RAM___ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> HUMBERTO NEGRETE-BRAVO, <br><br> Defendant. | Case No. 5:25-mj-00786 |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of December 23, 2025, in the county of Riverside in the Central District of California, the defendant violated: Title 18, United States Code, 111(a)(1).

*Code Section:*
18 U.S.C. § 111(a)(1)

*Offense Description:*
Assaulting, Resisting, or Impeding Certain Officers or Employees

This criminal complaint is based on these facts:

   *Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Bradley Tomaselli
*Complainant's signature*

Special Agent Bradley Tomaselli – HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

*Judge's signature*

Date: December 23, 2025

City and state: Riverside, California

Honorable David T. Bristow, U.S. Magistrate Judge
*Printed name and title*

AUSA: Erin C. Kiss (951-276-6259)

I, Bradley Tomaselli, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against Humberto NEGRETE-Bravo ("NEGRETE") for a violation of 18 U.S.C. § 111(a)(1): Assaulting, Resisting, or Impeding Certain Officers or Employees.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## II. BACKGROUND OF AFFIANT

3. I am a Special Agent with Homeland Security Investigations ("HSI") and have been employed as an HSI Special Agent since March 2020. I am currently assigned to the HSI Assistant Special Agent in Charge Office in Riverside, California, where I have been assigned to the HSI Riverside Public Safety Group for one year. I graduated from the Federal Law Enforcement Training Center in Glynco, Georgia. My training there consisted of a 13-week Criminal Investigator Training Program and a 13-week Immigration and Customs Enforcement

1

Special Agent Training Program.  I also received specialized training in money laundering, immigration fraud, marriage fraud, human trafficking, asset forfeiture, and importation and smuggling of narcotics.  Before joining HSI, I was an active-duty Air Force member assigned as a Special Agent with the Air Force Office of Special Investigations (AFOSI) for approximately six years.

4.   Throughout my career, I have participated in numerous investigations and have conducted or assisted in the arrests of numerous subjects, conducted interviews with victims, witnesses, suspects, and informants.  I have participated in several static and mobile surveillance activities and have assisted in the execution of search warrants.  I am familiar with the tactics used by defendants and criminal organizations to smuggle narcotics, evade detection, assault law enforcement officers, and obstruct investigations.

### III.   STATEMENT OF PROBABLE CAUSE

5.   Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

6.   On December 23, 2025, two Immigration and Customs Enforcement, Enforcement and Removal Operations ("ERO") Officers, two HSI Special Agents, and three Customs and Border Protection (CBP) Officers (the "Enforcement Team") were conducting a planned immigration enforcement operation in Mecca, California, within the Central District of California.

7. Members of the Enforcement Team were clearly identifiable as federal officers, wearing vests and clothing marked with "POLICE," "ERO," "CBP" and/or "HSI" insignia. They were also operating unmarked government owned vehicles outfitted with police equipment, including red and blue lights and sirens.

8. At approximately 6:40 a.m., the Enforcement Team established surveillance around El Super Toro Loco 4, a grocery store located at 91200 Second St, Mecca, California. During this time, the Enforcement Team saw a Hispanic male (later identified as NEGRETE) they believed to be the target of their investigation based on the height and build of the photograph they had for the target.[1] NEGRETE was standing outside of a vehicle, which was parked directly in front of the El Super Toro Loco 4.

9. At approximately 6:42 a.m., the Enforcement Team attempted to approach NEGRETE outside of the parked vehicle in front of the El Super Toro Loco 4. CBP Officer ("CBPO") Haukom exited his vehicle and attempted to make contact with NEGRETE to determine whether he was the target of the enforcement operation. However, before CBPO Haukom and Cosey were able to speak with NEGRETE, NEGRETE fled inside the El Super Toro Loco 4.

10. CBPOs Haukom and Cosey followed NEGRETE into the store after it appeared that NEGRETE was attempting to hide from them.

---

[1] NEGRETE was not the target of the investigation. Officers initially attempted to contact him because they believed he could be the target based on his physical appearance and later learned NEGRETE's identity after the arrest.

Once CBP Officers Haukom and Cosey entered the store, NEGRETE attempted to hide behind a table in the produce section.

11. Prior to arresting NEGRETE inside the store, CBP Officers gave clear commands of "Police" and proceeded to make their arrest. No weapons were presented during or prior to the arrest.

12. At that point, NEGRETE was not complying with the arrest and both CBPOs entered a physical struggle to take NEGRETE into custody. NEGRETE was then taken to the ground by CBPO Cosey while CBPO Haukom attempted to place NEGRETE into handcuffs.

13. During this altercation, NEGRETE actively resisted in the arrest and bit CBPO Cosey on his top left hand through protective gloves and on areas of his chest which were protected by body armor. NEGRETE also kicked CBPO Cosey in the groin region and punched CBPO Cosey in the jaw. Depicted in the photographs below is what CBPO Cosey was wearing at the time of the arrest and the biting injuries he sustained from NEGERTE during the arrest. The injuries are located just below his left thumb and middle of his left top hand.

  

4

14. NEGRETE also inflicted injury on CBPO Haukom during the arrest. NEGRETE bit CBPO Haukom on his top right forearm and inside left forearm while CBPO Haukom was giving clear and multiple commands of "stop resisting." Depicted in the photographs below is what CBPO Haukom was wearing at the time of the arrest and the biting injuries he sustained from NEGRETE. The injuries are visible on his right top forearm and inside left forearm.

  

15. Eventually, ERO Officer Nigera, SA Jiminez, and CBPO Jimenez joined the effort to arrest NEGRETE and placed NEGRETE into handcuffs.

16. NEGRETE was then successfully placed into custody, positioned inside of SA Jiminez's vehicle, and transported to ERO San Bernardino for processing. NEGRETE was identified during processing.

During an interview with HSI, NEGRETE invoked his constitutional rights, declined to answer questions, and

5

requested legal counsel. The interview was terminated in accordance with procedure, and no further questioning occurred without an attorney present.

### IV. CONCLUSION

17. For all of the reasons described above, there is probable cause to believe that NEGRETE committed a violation of 18 U.S.C. § 111(a)(1): Assaulting, Resisting, or Impeding Certain Officers or Employees.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 23rd day of
December 2025.

*[signature]*

HONORABLE DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE